# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE BLANKS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>KEN CLARK, Warden,<br><br>　　　　Respondent. | Case No. CV 19-4597 VBF (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　The Court grants the Attorney General's unopposed motion to dismiss this unexhausted habeas action.

* * *

　　　1.　Petitioner filed this habeas action under 28 U.S.C. § 2254 to challenge his state court conviction for robbery. (Docket # 1, 9 (amended petition).)

　　　2.　The Attorney General moved to dismiss the action. (Docket # 17.) According to the Attorney General's motion, Petitioner failed to present any of his claims for review in the California Supreme Court before

1 | initiating federal habeas review. The Attorney General sought to dismiss
2 | the petition because it contained only unexhausted claims. (Id. at 4 (citing
3 | Picard v. Connor, 404 U.S. 270, 275 (1971), and other authorities).)
4 |     3.    Magistrate Judge Wilner issued an order informing Petitioner
5 | of his obligation to respond to the motion (or, alternatively, to seek a stay of
6 | the federal action). (Docket # 19.) Petitioner failed to respond to the
7 | motion. Judge Wilner then issued an order to show cause why the motion
8 | should not be granted as unopposed pursuant to Local Rule. (Docket # 20.)
9 | The order to show cause expressly informed Petitioner that a further
10 | failure to respond would lead to dismissal. Petitioner failed to respond to
11 | the OSC, too.

\* \* \*

13 |     4.    Local Rule of Court 7-9 requires a party to file a memorandum
14 | stating the basis for that party's opposition to a motion. Local Rule 7-12
15 | states that the "failure to file any required document [ ] may be deemed
16 | consent to the granting or denial of the motion."
17 |     5.    Local Rule 7-12 warrants dismissal of the case. The Court
18 | clearly informed Petitioner of this requirement in two previous orders.
19 | Petitioner did not file a response that addressed the Attorney General's
20 | exhaustion argument. Petitioner's failure to respond to the dismissal
21 | motion signifies his consent to the dismissal of the action.
22 |     6.    Moreover, Federal Rule of Civil Procedure 41(b) provides that if
23 | a plaintiff "fails to prosecute or to comply with these rules or a court order,
24 | a defendant may move to dismiss the action or any claim against it."
25 | Dismissal also may be ordered by the Court sua sponte. Link v. Wabash
26 | R.R., 370 U.S. 626, 629-30 (1962). To determine the appropriateness of a

| | |
|---|---|
| 1 | dismissal under Rule 41(b), a district court should consider the following |
| 2 | factors: |

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (same).

    7.    As noted above, Petitioner failed to respond to the magistrate judge's orders regarding the action. That strongly suggests that he no longer seeks a ruling on the merits of his habeas claims (factor 4). Dreith, 648 F.3d at 788. By contrast, the public, the Attorney General, and the Court all have a strong interest in dismissal of this case in light of Petitioner's conduct (factors 1-3). Finally, given Petitioner's failure to file a response to the Attorney General's dismissal motion or Judge Wilner's orders, no sanction short of dismissal seems likely to encourage further participation in the litigation (factor 5).

8. Therefore, the present action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: February 7, 2020

HON. VALERIE BAKER FAIRBANK
SENIOR U.S. DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE